## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

TRUSTEES OF THE CHICAGO PLASTERING INSTI- )
TUTE PENSION TRUST, *et al.* )
                 )
           Plaintiffs, )
                 )   Case No. 03-cv-6867
    v.                  )   Judge Schenkier
                 )
G and J PLASTERING COMPANY, INC.,       )
                 )
           Defendant. )

## MOTION IN LIMINE TO BAR THE
## TESTIMONY AND WRITTEN REPORT OF FRANK LEE

Plaintiffs move to bar the testimony and written report of Frank Lee, stating the following in support:

1.    Defendant proffers Frank Lee, CPA, as an expert witness pursuant to Federal Rule of Evidence 702 and also proffers his written report dated February 22, 2006 (the "Lee Report"), attached hereto as Exhibit A. Defendant has represented that Mr. Lee will testify only concerning his preparation of and the matters contained in the Lee Report. This does not constitute expert testimony within the meaning of Rule 702, and neither Lee's testimony nor his Report can be admitted into evidence.

2.    Federal Rule of Evidence 702 provides in part that "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue," an expert "may testify thereto." In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), the Supreme Court interpreted Rule 702 to impose two distinct requirements in the case of *scientific* expert evidence: it must be *reliable*, and it must assist the trier of fact either in understanding other evidence or in determining a fact in issue. *Id.* at 593-94. "Helpfulness" is itself a two-fold requirement: the evidence must both relate to some fact at issue in the case and

must assist the trier of fact "in understanding what might otherwise be outside its grasp." *Securities and Exchange Comm'n v. Lipson*, 46 F. Supp. 2d 758, 763 (N.D. Ill. 1998) (excluding proffered testimony of certified public accountant regarding whether defendant believed internal financial reports were reliable and regarding whether those reports actually were reliable).

3.     A witness' credentials, then, do not by themselves qualify him or her as an expert. In the present case, Frank Lee's status as a certified public accountant does not automatically make his testimony admissible as expert testimony. *Lipson*, 46 F. Supp. 2d at 763; *Frymire-Brinati v. KPMG Peat Marwick*, 2 F.3d 183, 186-87 (ordering new trial where court had admitted CPA's testimony as expert opinion despite fact that the methodology he employed in arriving at his opinion was unreliable). On the contrary, Lee's testimony will not assist the Court in understanding other evidence or determining any fact in issue, and must therefore be excluded. Defendant proffers Lee to explain the Lee Report, but that Report relies upon no particular expertise at all.

4.     Most notably, the Lee Report expresses no opinion whatsoever as to whether the Funds' auditors (the "Auditors") properly followed the agreed-upon procedures or otherwise complied with generally accepted principles and standards. Instead, it simply summarizes and offers broad, general characterizations of what the Defendant's records show and opines on the reasonableness of certain assumptions and conclusions that the Auditors drew from those records, opinions that any layperson could reach upon examining those same records.

5.     For instance, the Lee Report notes that the Auditors "assume[] that all of the employer labor hours during the reporting period are attributable to work performed within the jurisdiction of Local 5"[1] but claims that the Defendant's records indicate that "a substantial portion of its revenue was received for work performed in areas located outside the jurisdiction of Local 5."

---

[1] It appears that Mr. Lee's use of the term "dues paid to Local 5" is meant to encompass all contributions owed to the Funds, and not simply the remission of withheld dues to Local 5.

2

(Exh. A at 1.) But the parties have stipulated that the Auditors made the assumption in preparing their report that all of the Defendant's labor hours were for work performed within Local 5's geographic jurisdiction, and either Plaintiffs or Defendant propose to offer into evidence all of the records upon which Lee claims he relied. Those documents — the Audit Report, Auditors' work papers, collective bargaining agreement, tax returns, and various summaries *prepared by Defendant* of invoices and hours reported — are not complex, difficult-to-understand information that will be beyond the Court's ability to understand. The Court is perfectly capable of examining an invoice, a contract, or a benefit fund contribution report and ascertaining what they do or do not show about the sources of Defendant's revenue and in what geographic jurisdiction specific employees worked.

6. Similarly, it requires no accounting expertise to determine whether the Defendant's records do or do not substantiate its claims (a) that certain amounts paid to its employees were bonuses (Exh. A at 1), (b) that the Auditors assessed it for certain contributions that it had already paid (Exh. A at 2), (c) that certain payments to employees were for non-bargaining-unit work (Exh. A at 2), (d) that certain payments were to management employees not engaged in bargaining-unit work (Exh. A at 2), or (e) that certain payments were made to an employee's widow after his death (Exh. A at 2). On the contrary, anyone could reach his or her own conclusions on these questions after viewing the records, hearing the evidence, and evaluating witness credibility. The "opinions" expressed in the Lee Report are little more than a recitation of counsel's theory of the case; they do not rise to the level of an expert's interpretation according to generally accepted professional methods of complex, technical information. "Expert testimony may not be used merely to repeat or summarize what the [trier of fact] independently has the ability to understand."

*Lipson*, 46 F. Supp. 2d at 763. But that is precisely the purpose of Lee's Report and his proffered testimony concerning the preparation of that report.

7. In sum, while he no doubt possesses expertise as a Certified Public Accountant, Frank Lee has simply examined the same non-technical documents that will be offered in evidence to the Court and has summarized them and drawn conclusions from them that competent laypersons can evaluate for themselves. Lee therefore does not qualify as an expert witness within the meaning of Rule 702, and his testimony and the proposed exhibit that he prepared are irrelevant and inadmissible.

WHEREFORE, Plaintiffs respectfully urge this court to bar the testimony of Frank Lee and to exclude from evidence the Lee Report.

Respectfully submitted,

_____
One of Plaintiffs' Attorneys

David Huffman-Gottschling
Sherrie E. Voyles
Jacobs, Burns, Orlove, Stanton and Hernandez
122 S. Michigan Ave., Ste. 1720
Chicago, Illinois 60603
(312) 372-1646

4

## CERTIFICATE OF SERVICE

I, David Huffman-Gottschling, an attorney, certify that I caused a copy of the foregoing document to be served by personally serving it in open court upon the following persons on October 20, 2006:

| | |
|---|---|
| Alan Garrow<br>Nealis & Garrow<br>510 S. Batavia Ave.<br>Batavia, IL 60510 | Joseph Berglund<br>Berglund & Niew<br>900 Jorie Blvd., Ste. 122<br>Oak Brook, IL 60523 |

David Huffman-Gottschling /SEV

_____

David Huffman-Gottschling

5





JERRY WEISS (1936-1994)

FRANKLYN E. LEE
LAWRENCE B. BERKOWITZ
DANIEL A. FORTMAN
STEVEN C. GOLDBERG
LAWRENCE J. SEXAUER
MARK M. DUBINSKI

ANNE SEEFOR

**WEISS & COMPANY LLP**

Certified Public Accountants & Consultants

2700 Patriot Boulevard • Suite 400 • Glenview, Illinois 60026
Telephone (847) 441-8800 • Fax (847) 441-6270
www.weisscpa.com

February 22, 2006

Mr. Alan L. Garrow          Mr. Joseph Berglund
Nealis & Garrow            Berglund & Niew, P.C.
The Mullen Building        900 Jorie Blvd., #122
510 South Batavia Ave.     Oak Brook, Illinois  60523
Batavia, Illinois  60510

Re:  Chicago Plastering Institute Fringe Benefit Funds v. G and J Plastering Co.

Dear Messrs. Garrow and Berglund:

We reviewed the "Report of Independent Certified Public Accountants" (Gebis report) for the Chicago Plastering Institute Fringe Benefit Funds (Local 5). This report dated April 5, 2004 was prepared by the CPA firm of Piotrowski & Gebis.  As a result of certain procedures, agreed to by the Board of Trustees and management of the Chicago Plastering institute Fringe Benefit Funds, the payroll and other records of G and J Plastering Co. (employer) were examined for the period February 1, 1993 through November 30, 2002.  The report disclosed possible additional reportable hours and consequent additional amounts due Local 5 for the reporting period.

Based upon the report, and our analysis of the payroll and other records of the employer, the following reportable hours should not be used in determining the additional amounts due for the reporting period:

**Dues paid to Local 56** - The Gebis report assumes that all of the employer labor hours during the reporting period are attributable to work performed within the jurisdiction of Local 5.  A total of 262,336.50 hours on the Gebis report are for hours reported and for which dues were paid to Local 56. The records of the employer indicate that a substantial portion of its revenue was received for work performed in areas located outside the jurisdiction of Local 5.

**Bonus Payments** - A total of 20,480 hours related to the assumption that amounts labeled by the employer as bonus payments represent payments for additional hours worked.  We could find no evidence to support this conclusion. In many cases the result of this assumption is that many plasterers were assumed to have worked many hours beyond a normal workweek as previously reported.

MEMBERS
AMERICAN INSTITUTE OF CERTIFIED PUBLIC ACCOUNTANTS • ILLINOIS CPA SOCIETY
AICPA DIVISION OF CPA FIRMS • PRIVATE COMPANY PRACTICE SECTION

**Dues paid to Local 5** - A total of 10,405 hours relate to hours previously reported to Local 5, for which amounts due have already been assessed and paid.

**Shop Labor** – A total of 3,103 hours relate to payments made to employees for shop labor which is non bargaining unit work.

**Management** - A total of 560 hours relate to payments made for management services performed for the employer by management employees who were not engaged in bargaining unit work.

**Death Benefits** - A total of 248 hours relate to payments made to a widow after the death of her husband, Josef Tajstrzyk.

The above findings are further summarized by reporting period, along with the related applied rates and additional assessments, in the attached Exhibit – A

The Gebis report did not calculate additional amounts due for Welfare and Pension on the 262,336.50 hours relative to "Dues paid to Local 56" under a pre-existing reciprocal agreement between Local 5 and Local 56. However, no reciprocal effect was given to hours for which other assessments were paid to Local 56.

A total of $2,971.33 in CEA Safety Council assessments was also calculated. Payments to the CEA Safety Council have been made by the employer on previously reported hours.

For the reporting period June 1, 1999 through November 30, 2002, an additional total of 116,364.75 hours were labeled as "Additional Reportable Hours Paid." The majority of these hours reflect the same hours that were reported in the category "Dues paid to Local 56". These duplicate hours were used to calculate additional Retirement assessments totaling $186,116.25 for the period.

In preparing our analysis we have considered the following documents:

1) Piotrowski & Gebis report dated April 5, 2004
2) Piotrowski & Gebis work paper files
3) Color coded report and related backup documents
4) Local 5 Bargaining Agreement and related documents
5) G and J Plastering Co. Inc. summary of sales in Local 56 territory
6) G and J Plastering Co. Inc. federal tax returns for the period 1993 through 2002 and financial statements for the period 1993 through 2004.
7) G and J Plastering Co. Inc. summary of hours reported to Locals 5, 56, 362, and other during the period January, 1993 through December, 2002.

Sincerely,

/S/  Frank Lee
Frank Lee, CPA, CVA

# EXHIBIT A

## Rate Applied

| | February 1, 1993 to May 31, 1993 | June 1, 1993 to May 31, 1994 | June 1, 1994 to May 31, 1995 | June 1, 1995 to May 31, 1996 | June 1, 1996 to May 31, 1997 | June 1, 1997 to May 31, 1998 | June 1, 1998 to May 31, 1999 | June 1, 1999 to May 31, 2000 | June 1, 2000 to May 31, 2001 | June 1, 2001 to May 31, 2002 | June 1, 2002 to November 30, 2002 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Welfare | 2.90 | 3.00 | 3.25 | 3.35 | 3.50 | 3.50 | 3.50 | 3.50 | 3.60 | 3.75 | 4.00 |
| Pension | 1.25 | 1.40 | 1.50 | 1.65 | 1.80 | 1.80 | 2.00 | 2.00 | 2.15 | 2.25 | 2.70 |
| Institute | 0.25 | 0.25 | 0.25 | 0.30 | 0.40 | 0.40 | 0.40 | 0.40 | 0.40 | 0.40 | 0.40 |
| CEA | 0.01 | 0.01 | 0.01 | 0.01 | 0.01 | 0.01 | 0.01 | 0.01 | 0.01 | 0.01 | 0.01 |
| Retirement | | | | | | | 1.00 | 1.00 | 1.50 | 2.00 | 2.40 |
| Working Assessment | 0.88 | 0.90 | 0.93 | 0.95 | 0.86 | 0.89 | 0.92 | 0.93 | 0.96 | 1.00 | 1.02 |
| Apprentice Training | 0.20 | 0.20 | 0.20 | 0.20 | 0.20 | 0.40 | 0.40 | 0.40 | 0.40 | 0.40 | 0.40 |

## Section 1

| | February 1, 1993 to May 31, 1993 | June 1, 1993 to May 31, 1994 | June 1, 1994 to May 31, 1995 | June 1, 1995 to May 31, 1996 | June 1, 1996 to May 31, 1997 | June 1, 1997 to May 31, 1998 | June 1, 1998 to May 31, 1999 | June 1, 1999 to May 31, 2000 | June 1, 2000 to May 31, 2001 | June 1, 2001 to May 31, 2002 | June 1, 2002 to November 30, 2002 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Hours | 4454.00 | 19038.00 | 15286.00 | 20758.00 | 23491.50 | 34385.50 | 34557.00 | 38151.00 | 27986.50 | 24846.00 | 19383.00 | 262336.50 |
| Welfare | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Pension | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Institute | 1113.50 | 4759.50 | 3821.50 | 6227.40 | 9396.60 | 13754.20 | 13822.80 | 15260.40 | 11194.60 | 9938.40 | 7753.20 | 97042.10 |
| CEA | 44.54 | 190.38 | 152.86 | 207.58 | 234.92 | 343.86 | 345.57 | 381.51 | 279.87 | 248.46 | 193.83 | 2623.37 |
| Retirement | | | | | | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Working Assessment | 3919.52 | 17134.20 | 14215.98 | 19720.10 | 20202.69 | 30603.10 | 31792.44 | 35480.43 | 26867.04 | 24846.00 | 19770.66 | 244552.16 |
| Apprentice Training | 890.80 | 3807.60 | 3057.20 | 4151.60 | 4698.30 | 13754.20 | 13822.80 | 15260.40 | 11194.60 | 9938.40 | 7753.20 | 88329.10 |
| Total | 5968.36 | 25891.68 | 21247.54 | 30306.68 | 34532.51 | 58455.35 | 59783.61 | 66382.74 | 49536.11 | 44971.26 | 35470.89 | 432546.72 |

## Section 2

| | February 1, 1993 to May 31, 1993 | June 1, 1993 to May 31, 1994 | June 1, 1994 to May 31, 1995 | June 1, 1995 to May 31, 1996 | June 1, 1996 to May 31, 1997 | June 1, 1997 to May 31, 1998 | June 1, 1998 to May 31, 1999 | June 1, 1999 to May 31, 2000 | June 1, 2000 to May 31, 2001 | June 1, 2001 to May 31, 2002 | June 1, 2002 to November 30, 2002 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Hours | 81.25 | 4814.50 | 1337.50 | 3618.00 | 3782.50 | 2872.75 | 3973.50 | 0.00 | 0.00 | 0.00 | 0.00 | 20480.00 |
| Welfare | 235.63 | 14443.50 | 4346.88 | 12120.30 | 13238.75 | 10054.63 | 13907.25 | | | | | 68346.93 |
| Pension | 101.56 | 6740.30 | 2006.25 | 5969.70 | 6808.50 | 5170.95 | 7947.00 | | | | | 34744.26 |
| Institute | 20.31 | 1203.63 | 334.38 | 1085.40 | 1513.00 | 1149.10 | 1589.40 | | | | | 6895.21 |
| CEA | 0.81 | 48.15 | 13.38 | 36.18 | 37.83 | 28.73 | 39.74 | | | | | 204.80 |
| Retirement | | | | | | | | | | | | 0.00 |
| Working Assessment | 71.50 | 4333.05 | 1243.88 | 3437.10 | 3252.95 | 2556.75 | 3655.62 | | | | | 18550.84 |
| Apprentice Training | 16.25 | 962.90 | 267.50 | 723.60 | 756.50 | 1149.10 | 1589.40 | | | | | 5465.25 |
| Total | 446.06 | 27731.52 | 8212.25 | 23372.28 | 25607.53 | 20109.25 | 28728.41 | 0.00 | 0.00 | 0.00 | 0.00 | 134207.29 |

## Section 3

| | February 1, 1993 to May 31, 1993 | June 1, 1993 to May 31, 1994 | June 1, 1994 to May 31, 1995 | June 1, 1995 to May 31, 1996 | June 1, 1996 to May 31, 1997 | June 1, 1997 to May 31, 1998 | June 1, 1998 to May 31, 1999 | June 1, 1999 to May 31, 2000 | June 1, 2000 to May 31, 2001 | June 1, 2001 to May 31, 2002 | June 1, 2002 to November 30, 2002 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Hours | 80.00 | 306.50 | 488.00 | 729.75 | 2598.00 | 180.00 | 1049.25 | 1760.75 | 758.00 | 2144.75 | 310.00 | 10405.00 |
| Welfare | 232.00 | 919.50 | 1586.00 | 2444.66 | 9093.00 | 630.00 | 3672.38 | 6162.63 | 2728.80 | 8042.81 | 1240.00 | 36751.78 |
| Pension | 100.00 | 429.10 | 732.00 | 1204.09 | 4676.40 | 324.00 | 2098.50 | 3521.50 | 1629.70 | 4825.69 | 837.00 | 20377.98 |
| Institute | 20.00 | 76.63 | 122.00 | 218.93 | 1039.20 | 72.00 | 419.70 | 704.30 | 303.20 | 857.90 | 124.00 | 3957.85 |
| CEA | 0.80 | 3.07 | 4.88 | 7.30 | 25.98 | 1.80 | 10.49 | 17.61 | 7.58 | 21.45 | 3.10 | 104.05 |
| Retirement | | | | | | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Working Assessment | 70.40 | 275.85 | 453.84 | 693.26 | 2234.28 | 160.20 | 965.31 | 1637.50 | 727.68 | 2144.75 | 316.20 | 9679.27 |
| Apprentice Training | 16.00 | 61.30 | 97.60 | 145.95 | 519.60 | 72.00 | 419.70 | 704.30 | 303.20 | 857.90 | 124.00 | 3321.55 |
| Total | 439.20 | 1765.44 | 2996.32 | 4714.19 | 17588.46 | 1260.00 | 7586.08 | 12747.83 | 5700.16 | 16750.50 | 2664.30 | 74192.47 |

## Dues paid to Local 56

| | February 1, 1993 to May 31, 1993 | June 1, 1993 to May 31, 1994 | June 1, 1994 to May 31, 1995 | June 1, 1995 to May 31, 1996 | June 1, 1996 to May 31, 1997 | June 1, 1997 to May 31, 1998 | June 1, 1998 to May 31, 1999 | June 1, 1999 to May 31, 2000 | June 1, 2000 to May 31, 2001 | June 1, 2001 to May 31, 2002 | June 1, 2002 to November 30, 2002 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Hours | | 2833.00 | | 40.00 | 130.00 | 100.00 | | | | | | 3103.00 |
| Welfare | | 8499.00 | | 134.00 | 455.00 | 350.00 | | | | | | 9438.00 |
| Pension | | 3966.20 | | 66.00 | 234.00 | 180.00 | | | | | | 4446.20 |
| Institute | | 708.25 | | 12.00 | 52.00 | 40.00 | | | | | | 812.25 |
| CEA | | 28.33 | | 0.40 | 1.30 | 1.00 | | | | | | 31.03 |
| Retirement | | | | | | | | | | | | 0.00 |
| Working Assessment | | 2549.70 | | 38.00 | 111.80 | 89.00 | | | | | | 2788.50 |
| Apprentice Training | | 566.60 | | 8.00 | 26.00 | 40.00 | | | | | | 640.60 |
| Total | | 16318.08 | | 258.40 | 880.10 | 700.00 | | | | | | 18156.58 |

EXHIBIT A

**[Management]**

| Hours / Item | February 1, 1993 to May 31, 1993 | June 1, 1993 to May 31, 1994 | June 1, 1994 to May 31, 1995 | June 1, 1995 to May 31, 1996 | June 1, 1996 to May 31, 1997 | June 1, 1997 to May 31, 1998 | June 1, 1998 to May 31, 1999 | June 1, 1999 to May 31, 2000 | June 1, 2000 to May 31, 2001 | June 1, 2001 to May 31, 2002 | June 1, 2002 to November 30, 2002 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Hours | 0.00 | 0.00 | 560.00 | 0.00 | | | | | | | | 560.00 |
| Welfare | | | 1820.00 | | | | | | | | | 1820.00 |
| Pension | | | 840.00 | | | | | | | | | 840.00 |
| Institute | | | 140.00 | | | | | | | | | 140.00 |
| CEA | | | 5.60 | | | | | | | | | 5.60 |
| Retirement | | | | | | | | | | | | 0.00 |
| Working Assessment | | | 520.80 | | | | | | | | | 520.80 |
| Apprentice Training | | | 112.00 | | | | | | | | | 112.00 |
| Total | 0.00 | 0.00 | 3438.40 | 0.00 | | | | | | | | 3438.40 |

| Hours / Item | February 1, 1993 to May 31, 1993 | June 1, 1993 to May 31, 1994 | June 1, 1994 to May 31, 1995 | June 1, 1995 to May 31, 1996 | June 1, 1996 to May 31, 1997 | June 1, 1997 to May 31, 1998 | June 1, 1998 to May 31, 1999 | June 1, 1999 to May 31, 2000 | June 1, 2000 to May 31, 2001 | June 1, 2001 to May 31, 2002 | June 1, 2002 to November 30, 2002 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Hours | | | | | 128.00 | 120.00 | | | | | | 248.00 |
| Welfare | | | | | 448.00 | 168.00 | | | | | | 616.00 |
| Pension | | | | | 230.40 | 86.40 | | | | | | 316.80 |
| Institute | | | | | 51.20 | 48.00 | | | | | | 99.20 |
| CEA | | | | | 1.28 | 1.20 | | | | | | 2.48 |
| Retirement | | | | | | | | | | | | 0.00 |
| Working Assessment | | | | | 110.08 | 106.80 | | | | | | 216.88 |
| Apprentice Training | | | | | 25.60 | 48.00 | | | | | | 73.60 |
| Total | 0.00 | 0.00 | 0.00 | 0.00 | 866.56 | 458.40 | 0.00 | 0.00 | 0.00 | 0.00 | | 1324.96 |

Grand Totals   Proof Total   663866.42