

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| TRUSTEES OF THE CHICAGO PLASTERING INSTITUTE PENSION TRUST, *et al.* | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) ) | No.  03 C 6867 |
| | ) | Magistrate Judge Schenkier |
| CORK PLASTERING, INC., f/k/a G&J PLASTERING CO., INC. | ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION AND ORDER

On August 27, 2007, this Court issued Findings and Conclusions of Law ("Findings and Conclusions"), entering judgment for plaintiff and against defendant G&J on liability for: (1) G&J's failure to make contributions to the Local 5 Funds for hours of covered work, and (2) G&J's failure to remit union dues to Local 5 (doc. # 101).[1]  Thereafter, on November 14, 2007, the Court issued Supplemental Findings and Conclusions in which the Court awarded plaintiffs $1,109,446.23 in damages, prejudgment interest and liquidated damages.  On that same date, the Court issued a separate Memorandum Opinion and Order denying plaintiffs' request for audit costs.

---

[1]The Court assumes familiarity with its Findings and Conclusions, and uses the same acronyms and abbreviations to refer to the parties and exhibits as it used in the Findings and Conclusions.

We now consider plaintiffs' bill of costs (doc. # 105). Plaintiffs seek costs from G&J in the amount of $10,275.78.[2] The request for costs has now been fully briefed. For the reasons stated below, we award plaintiffs costs in the reduced amount of $9,784.67.

## I.

"[C]osts . . . shall be allowed as of course to the prevailing party unless the court otherwise directs[.]" Fed.R.Civ.P. 54(d). Consistent with that directive, "the prevailing party is prima facie entitled to costs and it is incumbent on the losing party to overcome the presumption." *McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir. 1994). This presumption "is difficult to overcome, and the district court's discretion is narrowly confined – the court must award costs unless it states good reasons for denying them." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 945 (7th Cir. 1997). Generally, only two reasons justify denying costs: (1) misconduct by the prevailing party worthy of penalty, or (2) the losing party's inability to pay. *Id.* G&J does not assert either reason as a basis for denying costs. Thus, we turn to the question of what costs plaintiffs here may recover, and in what amount.

## II.

Recoverable costs are specified in 28 U.S.C. § 1920. *See also Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 440 (1987) (Section 1920 "now embodies Congress' considered choice as to the kinds of expenses that a federal court may tax as costs against the losing party"). Under Section 1920, recoverable costs include: (1) fees of the clerk and marshal; (2) fees for the court

---

[2]Plaintiffs originally requested costs in the amount of $11,595.48 (Pls.' Bill of Costs at 1). Plaintiffs later acknowledged that their claims for six deposition transcripts exceeded the per page cap set by the Judicial Conference of the Untied States, and as a result they revised have their claim for those costs from $2,337.50 to $1,240.80 (Pls.' Reply at 1, 5). They also withdrew their claim of $42.37 for the deposition subpoena of Steve Nelms (*Id.* at 3). Finally, they withdrew their claim for travel expenses in the amount of $180.63 (*Id.* at 4).

reporter and for transcripts necessarily obtained for use in the case; (3) fees for printing and witnesses; (4) fees for exemplification and copies of papers necessarily obtained for use in the case; (5) docket fees; and (6) compensation of court-appointed experts and interpreters. 28 U.S.C. § 1920. However, these costs are only recoverable if they are both reasonable and necessary to the litigation. *Cefalu v. Vill. of Elk Grove*, 211 F.3d 416, 427-29 (7th Cir. 2000). Costs incurred merely for the convenience of the prevailing party may not be recovered. *Barber v. Ruth*, 7 F.3d 636, 645 (7th Cir. 1993). The prevailing party bears the burden of demonstrating the amount of its recoverable costs. *Tellular Corp. v. Mentor Graphics Corp.*, No. 01 C 0431, 2006 WL 1722375, at *1 (N.D. Ill. June 16, 2006).

Plaintiffs seek $10,276.21 in costs consisting of (1) $150.00 in fees of the clerk, (2) $375.00 for service of summons and subpoenas, (3) $6,434.48 in court reporter fees, (4) $1,356.92 in witness fees, (5) $1,905.06 in duplication fees, and (6) $54.72 in other costs. G&J objects to plaintiffs' claims for court reporter costs, subpoena fees, delivery expenses, and duplication costs. We address these objections in turn.

## A. Court Reporter Costs.

Section 1920(2) authorizes the taxing of costs of deposition transcripts "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). To be recoverable, a deposition must be "reasonably necessary" to the case at the time it was taken. *Cengr v. Fusibond Piping Sys., Inc.*, 135 F.3d 445, 455 (7th Cir. 1998). Plaintiffs seek to recover for the cost associated with 13 deposition transcripts. G&J raises three objections.

*First*, G&J objects to claims for costs of deposition transcripts of two witnesses who were never called to testify at trial: John Manley and Randall Ellis (Def.'s Objections at 4). However,

3

the Seventh Circuit has explained that "introduction of a deposition in a summary judgment motion or at trial is not a prerequisite for finding that it was necessary to take that deposition." *Cengr*, 135 F.3d at 455. G&J listed Mr. Manley in the final pretrial order as a "will call" trial witness (Final PTO, Ex. B, at 3). Plainly, it was reasonable and necessary for plaintiffs to be armed with the transcript of the deposition testimony of a witness whom G&J planned to call at trial. As for Mr. Ellis, he was disclosed as a "may call" witness (Pls.' Reply, Ex. B, at 1) in order to address G&J's evidentiary objections to the admission of the Audit Report (*Id.*, at 3). The fact that Mr. Ellis's trial testimony proved unnecessary does not render unreasonable plaintiffs' decision to have his transcript available if he testified. Thus, the costs of these transcripts are recoverable.

   *Second*, G&J objects to the costs plaintiffs seek for all 13 transcripts on the ground that they reflect charges that are beyond those established by the Judicial Conference of the United States (Def.'s Objections at 4). Fees for deposition transcripts are limited to rates established by the Judicial Conference. *See* Local Rule 54.1(b). Currently, $3.65 is the maximum per page rate for original transcripts set by the judicial conference. United States District Court, Maximum Transcript Rates – All Parties (per page), *available at* http://www.ilnd.uscourts.gov/Clerks_office/crtreporter/ trnscrpt.htm (updated Oct. 29, 2007). However, all of the deposition transcripts at issue here were obtained between 2005 and 2006, when the maximum rate was $3.30 per page for original transcripts and $0.83 for copies (*See* Def.'s Objections at 4). On this basis, G&J argues that plaintiff's request for costs for deposition transcripts should be adjusted downward (even assuming the transcripts for Messrs. Ellis and Manley are included) from $4,627.39 to $1,185.99 (*Id.*).

   Plaintiffs concede that this limit applies to the depositions taken by plaintiffs, and they have adjusted their claims accordingly (Pls.' Reply at 1) (reflecting an adjustment from $2,337.50 to

4

$1,240.80). However, plaintiffs contend that the limits do not apply for depositions noticed, arranged, and taken by defendant, because plaintiffs had "no control" over defendant's choice of court reporter or the rates that reporter charged (*Id.*, at 2). We agree. *See Engate, Inc. v. Esquire Deposition Servs., LLC*, No. 01 C 6204, 2006 WL 695650, at *3 (N.D. Ill. Mar. 13, 2006) (using actual prices rather than maximum Judicial Conference rates for those depositions arranged by the losing party) (citing *Haroco, Inc. v. Am. Nat'l Bank & Trust*, 38 F.3d 1429, 1441 (7th Cir. 1994) (same)).[3] Therefore, for those depositions arranged by G&J, the Court awards plaintiffs the full cost of obtaining transcript copies (*see* Pls.' Bill of Costs at 3). With the reduction for rates applicable to depositions taken by plaintiffs, we award plaintiffs $3,420.69 in costs for deposition transcripts.

*Third*, plaintiffs seek $111.00 for a court reporter fee. Although G&J objects to this claim (Def.'s Objections at 4), a trial court has the discretion to award a court reporter's attendance fee under Section 1920(2) as part of the reasonable and necessary costs of obtaining a deposition transcript. *Held v. Held*, 137 F.3d 998, 1002 (7th Cir. 1998). We find that the charge here is reasonable, and we therefore exercise our discretion to allow recovery of the court reporter fee here. Accordingly, we add this $110.00 fee to the award of deposition transcript costs, bringing that total to $3,531.69.

Finally, plaintiffs request reimbursement for a trial transcript in the amount of $2,903.39 (Pls.' Bill of Costs at 3). Defendant does not object to this request, and plaintiffs provide documentation to support it (Pls.' Bill of Costs, Ex. M). The Court thus grants plaintiffs' request for that trial transcript cost, bringing the total amount of recoverable transcript costs to $6,435.08.

---

[3]From the submitted briefs and invoices, we have concluded that the following depositions were taken by G&J: John Manley, Gary Gebis, Gerald Holdway, Chester Fester, Kevin Schell, Randall Ellis, and Franklyn Lee (Def.'s Objections at 4; Pls.' Reply at 2).

## B. Fees for Service of Subpoenas.

Subpoena fees are recoverable, but may not exceed the service fees charged by the United States Marshal: $40.00 per hour for the first two hours, and $20.00 for each additional hour. *Goldsmith v. Chicago Police Officers*, No. 01 C 5777, 2005 WL 442230, at *4 (N.D. Ill. Feb. 22, 2005). Plaintiffs list two subpoena service fees in their bill of costs. Those fees, representing service for five witnesses, total $375.00 and are supported by documentation (Pls.' Bill of Costs, Exs. A-B). Defendant does not object to these costs. The subpoena service costs fall within the maximum permissible fee and are fully recoverable. We therefore award plaintiffs $375.00 in fees for service of summons and subpoenas.

## C. Witness Fees.

Plaintiffs request $1,356.92 for witness fees and expenses pursuant to 28 U.S.C. §§ 1920(3) and 1821.[4] Witness fees may be awarded at the statutory maximum of $40.00 per day plus reasonable travel costs at the rate of $0.485 per mile as established by the Judicial Conference. *See* United States District Court, Northern District of Illinois, Fee Schedule, *available at* http://www.ilnd.uscourts.gov/PUBLIC/Forms/fee_schedule.htm (effective April 9, 2006). Defendant does not object to plaintiffs' request for witness fees for John Bagjas, Richard Nevious, Lorand Stranyickzi, Tami Stamos, Jozef Amylak, and Franklyn Lee. Thus, plaintiffs may recover these witness fees, which total $1,294.67 (Pls.' Bill of Costs, at 2).

G&J objects to plaintiffs' attempt to recover an additional $62.25 for Mr. Lee (Def.'s Objections at 4, Pls.' Reply at 3). Based on our review of the arguments and attachments, we find

---

[4]Plaintiffs withdrew their request for the witness fee for of Steve Nelms in the amount of $42.37 (Pls.' Reply at 3).

that plaintiffs have failed to show their entitlement to recovery of this additional amount. Accordingly, we award witness fees in the reduced amount of $1,294.67.

### D. Delivery Expenses.

Plaintiffs seek $54.72 in overnight delivery charges for service of trial subpoenas (Bill of Costs, Exs. W-X). G&J objects that plaintiffs gave no explanation for why these costs were "reasonable and necessary" (Def.'s Objections at 5). Plaintiffs reply that overnight delivery on November 3 and November 10, 2006 was necessary to "secure the timely service of trial subpoenas" (Pls.' Reply at 4). We disagree.

On July 6, 2006, the Court set the case for trial to commence on November 14, 2006 (doc. # 58). On October 20, 2006, the Court reset the trial date by one day, to November 15, 2006 (doc. # 70). The November trial date was no surprise to plaintiffs, and they could have avoided the need for overnight delivery of the subpoenas by better advance planning. Therefore, we deny plaintiffs' request for $54.72 in overnight delivery costs.

### E. Fees for Photocopying.

Plaintiffs seek $1,905.06 in costs for photocopying. Section 1920(4) authorizes the taxing of costs for copies "necessarily obtained for use in the case." 28 U.S.C. § 1920(4). "This phrase contemplates that the materials be 'actually prepared for use in presenting evidence to the court.'" *Kelleher v. Solopak Pharm., Inc.*, No. 96 C7743, 1997 WL 754032, at *1 (N.D. Ill. Nov. 19, 1997) (citations omitted). Prevailing parties are "not required to submit a bill of costs containing a description so detailed as to make it impossible economically to recover photocopying costs;" rather, they are "required to provide the best breakdown obtainable from retained records." *Northbrook Excess & Surplus Ins. Co. v. Proctor & Gamble Co.*, 924 F.2d 633, 643 (7th Cir. 1991). However,

7

"[a] generalized listing of expenses is insufficient for recovery." *Mi-Jack Products v. Int'l Union of Op. Engineers, Local 150*, 94 C 6676, 1996 WL 139249, at *3 (N.D. Ill. Mar. 26, 1996). A claimant must provide enough detail for the Court to "determine the extent to which the copying was necessary to the litigation and the extent to which copying was for the convenience of the attorneys." (*Id.*)

Plaintiffs have provided a declaration (Pls.' Bill of Costs, Ex. T) establishing that they incurred $402.10 in costs for copying done in-house. The declaration establishes the number of pages copied and the per page rate of ten cents, which we find reasonable. *See Figueroa v. City of Chicago*, 97 C 8861, 2000 WL 1036019, at *2 (N.D. Ill. Jul. 20, 2000) (allowing charge of $.20 per page). The declaration further establishes that the duplication was reasonable and necessary, and we thus will award costs for this expenditure.

Plaintiffs also have provided evidence (Pls.' Bill of Costs, Exs. U-V) establishing that they incurred $1,127.82 in outside duplicating costs in connection with the trial of this matter. This duplication cost appears to have been incurred for the preparation of exhibit books for use at trial, which is a reasonably necessary expense. Moreover, the per page duplication charge incurred – $.1475 – and the associated charges for Bates labeling and assembling are reasonable. We thus will award plaintiffs their costs for this expenditure.

However, the plaintiffs have failed to prove they should receive their other requested duplication costs. Some of the documents submitted to support these other requests do not disclose the number of pages copied, the per page charges, or the purpose for obtaining the copies (Pls.' Bill of Costs, Exs. Q, S). In other instances, plaintiffs have submitted documents showing per page copying charges of $.89 (*Id.*, Exs. O, P, R), without offering any reason for the high per page rate

8

charged or an explanation of the purpose for obtaining the copies. We decline to award to plaintiffs these additional duplication costs, which total $375.14. We therefore award to plaintiffs duplication costs totaling $1,529.92.

### CONCLUSION

For the above reasons, plaintiffs' bill of costs (doc. # 105) is granted in part and denied in part. The Court awards costs to plaintiffs, and against G&J, in the amount of $9,784.67 consisting of $6,435.08 in transcript costs, $375.00 in service fees, $1,294.67 in witness fees $1,529.92 in photocopying costs, and $150.00 in fees of the clerk (which are uncontested).

**ENTER:**

**SIDNEY I. SCHENKIER**
**United States Magistrate Judge**

**Dated:  November 15, 2007**