IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE CHICAGO PLASTERING INSTITUTE PENSION TRUST, *et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) No. 03 C 6867 ) ) Magistrate Judge Schenkier |
| CORK PLASTERING, INC., f/k/a G&J PLASTERING CO., INC., | ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

On November 14, 2007, this Court issued a Memorandum Opinion and Order ("Mem. Op.") denying plaintiffs' request for an award of audit costs in the amount of $45,435.00 (doc. # 125). The Court declined to exercise its discretion to award the audit costs under ERISA, 29 U.S.C. § 1132(g)(2)(E), because plaintiffs failed to establish that the costs plaintiffs sought were reasonable. The Court further held that there was no contractual agreement providing for audit costs to be awarded, and that even if the relevant documents reflected such an agreement, plaintiffs' failure to show the reasonableness of the audit costs would be fatal to their effort to obtain an award of those costs.

Plaintiffs have filed a motion to reconsider that ruling (doc. # 132). At the threshold, plaintiffs argue that our ruling on the question of audit costs may be reconsidered under Fed. R. Civ. P. 54(b) because it was issued before entry of judgment and thus is interlocutory (Mot. to Reconsider, ¶ 1). That premise is incorrect: the opinion denying audit costs was entered on the same date that this Court entered judgment awarding plaintiffs $1,109,466.23 in unpaid contributions and union dues, liquidated damages, and prejudgment interest (doc. # 129).

In any event, as plaintiffs themselves recognize (Mot. to Reconsider, ¶ 1), a motion to reconsider is committed to the discretion of the trial judge. *See Caisse Nationale de Credit v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). In deciding whether to exercise its discretion to reconsider, the Court is mindful that motions to reconsider "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Publishers Resource, Inc. V. Walker-David Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985) (citations omitted). A motion to reconsider is not a vehicle for a party to "'rehash' old arguments" that were previously made and rejected, *Young v. Murphy*, 161 F.R.D. 61, 62 (N.D. Ill. 1995), or "to undo its own procedural failures [or] to introduce new evidence or advance arguments that could have been or should have been presented to the District Court prior to the judgment." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996).

The arguments that plaintiffs raise in their reconsideration motion are a blend of contentions previously raised and rejected, and new contentions that they now belatedly seek to make. None of these arguments is thus proper grist for a motion to reconsider. Nonetheless, we have considered each of them, and find them unpersuasive.

*First*, plaintiffs argue – for the first time – that the absence of a local rule setting forth specialized requirements for presenting requests for audit costs (as this district has promulgated for requests for attorneys' fees) means that no such requirements apply (Mot. to Reconsider, ¶ 2). We disagree. The local rules of this district do not set forth specialized requirements for presenting disputes about an award of taxable court costs under Fed. R. Civ. P. 54(d), but no one would seriously dispute that those costs may not be awarded unless they were necessarily incurred and reasonable in amount. *See, e.g., Cefalu v. Village of Elk Grove*, 211 F.3d 416, 427-29 (7th Cir. 2000).

Plaintiffs bear the burden of showing that the audit costs they seek are reasonable. *Chicago District Council of Carpenters Pension Fund v. Sciortino Contractors*, 934 F. Supp. 277, 279 (N.D. Ill. 1996). The absence of a local rule specifying a procedure for handling disputes over awards of audit costs in ERISA cases does not relieve plaintiffs of that burden.

*Second*, plaintiffs suggest that because the Trust Agreements do not impose any limitation on the amount of audit costs that may be awarded, the Trust Agreements do not require that any audit costs that are awarded be reasonable (Mot. to Reconsider, ¶3). That argument begs the question of whether the Trust Agreements provide for shifting of audit costs in the first instance. As we have explained (Mem. Op. at 5-6), the Trust Agreements do not do so. Plaintiffs fail to identify any portion of the Trust Agreements that they rely on for a contrary conclusion, or to identify any error in the Court's interpretation of the Trust Agreements.

*Third*, as before, plaintiffs argue that detailed support for an award of audit costs is not required. Now, however, plaintiffs cite decisions of other judges in this district awarding audit costs without requiring detailed evidence to support the reasonableness of those costs (Mot. to Reconsider, ¶ 4). Plaintiffs failed to cite any of this authority earlier, and a motion to reconsider is neither the time nor the place to so for the first time. That said, upon reviewing and considering plaintiffs' authorities, they do not persuade us to alter our view of what is required for plaintiffs to show the reasonableness of their audit costs.

Several of plaintiffs' cases involved minimal audit costs, particularly when compared to the $45,435.00 plaintiffs sought here. *See Oswego Laborers' Local 214 Pension and Annuity Funds v. Buckskin Pipeline Constr., Ltd.*, No. 5:06-CV-1115, 2007 WL 2693565, * 4 (N.D.N.Y. Sept. 10 2007) (awarding $564.63 in audit costs); *Laborers' Pension Fund v. Midwest Demolition* Co., No.

01 C 8616, 2004 WL 442635, * 2 (N.D. Ill. Mar. 10, 2004) (awarding $965.50 in audit costs); *Sullivan v. Brinsky*, No. 93 C 5940, 1995 WL 248055 (N.D. Ill. Apr. 20, 1995) (awarding $2,813.75 in audit costs). Because the audit costs in question were relatively small, the judges in those cases may have determined that the materials offered by plaintiffs were sufficient to show their reasonableness for the scope of work performed. In other cases, the audit costs were awarded pursuant to contractual agreements that obliged the defendants to pay all audit costs, without imposing a reasonableness requirement. *Dugan v. R.J. Corman Co.*. No. 00 C 4114, 2004 WL 816762, *4 (N.D. Ill. Mar. 10, 2004) (awarding $31,425.34 in audit costs); *see also Oswego Laborers' Local 214*, 2007 WL 2693565, *4. By contrast, as we have explained, the Trust Agreements here do not provide for shifting of audit costs.

Plaintiffs also have cited the ruling in *Trustees of the Chicago Plastering Inst. Pension Trust v. J.P. Phillips, Inc.*, No. 03 C 2318 (Mot. to Reconsider, Exs. E-G), in which the court awarded audit costs totaling $27,596.44, apparently without requiring the kind of information that this Court has stated is necessary to demonstrate the reasonableness of requested audit costs. To the extent that the ruling in *J.P. Phillips* (or the other decisions cited by plaintiffs) reflect a more relaxed approach to determining the reasonableness of audit costs, we respectfully disagree with that such an approach is appropriate. As we have previously explained (Mem. Op. at 4), Section 1132(g)(2)(E) of ERISA does not give plaintiffs a blank check to recover whatever costs *they* deem appropriate. Rather, the statute affords a court discretion to award other relief not specified in Sections 1132(g)(2)(A)-(D) (such as audit costs) where *the court* deems it appropriate. It was plaintiffs' responsibility to provide the Court with the information necessary to permit the Court to fairly decide how to exercise that discretion – and, in our judgment, that included information necessary to test the reasonableness

4

of the audit costs being sought. Plaintiffs failed to discharge that responsibility.

*Fourth*, plaintiffs argue – for the first time – that the auditors' failure to keep detailed records shows that the rule the Court has applied is a novel one that the auditors were unaware of, and that we therefore should not apply the rule here (Mot. to Reconsider, ¶ 5). Of course, we do not know how the auditors decide what records to keep. For all we know, the auditors do not keep detailed records because the vast majority of ERISA contributions disputes are resolved short of trial, and the auditors (and the trust funds) therefore have decided that it is not worthwhile to routinely incur the additional cost of keeping more detailed records for the few cases in which the question of audit costs must be litigated. In any event, the auditors' record keeping choices do not dictate what is required under ERISA in order for the Court to decide whether, and what, audit costs are reasonable and should be borne by defendant.

*Fifth*, plaintiffs alternatively argue – once again, for the first time – that if the Court requires more information to determine what audit costs are reasonable, then we should now give plaintiffs an opportunity to supplement their evidentiary submission on this point to show that at least some of the audit costs should be awarded (Mot. to Reconsider, ¶ 6). We reject that argument. In their submissions seeking audit costs, plaintiffs offered no basis to ascertain what reductions, if any, should be made to their request. Instead, plaintiffs' opted to rest on their demand for the full amount: $45,435.00. Thus, when plaintiffs failed to meet their burden of showing reasonableness, the result that flowed from the argument they made was a denial of any audit costs.

While plaintiffs may have been able to provide evidence to show the reasonableness of at least some of the audit costs, that is now a moot point. The time for plaintiffs to have made the effort to do so was before the Court's ruling, and not in a motion to reconsider. Plaintiffs well knew

that G&J asked the Court to deny any audit costs as a result of plaintiffs' failure to substantiate their reasonableness (doc. # 117: Joint Submission on Damages, at 8-9). Plaintiffs filed a brief and a supplemental declaration from their auditor, Mr. Gebis, arguing that their substantiation was sufficient to support a full award of audit costs (doc. # 124: Pls.' Resp. at 6-7 and Ex. 4). Now that we have disagreed, plaintiffs are not entitled to a second bite at the apple to attempt to provide evidence that they should have provided – if they were able to do so – prior to our ruling.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion to reconsider (doc. # 132) is denied.

**ENTER:**

/s/ Sidney I. Schenkier
**SIDNEY I. SCHENKIER**
**United States Magistrate Judge**

**DATE:** **November 26, 2007**